UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

WAYNE WRONA and SUSAN
WRONA, husband and wife,

      Plaintiffs,

vs.

UNITED STATES OF AMERICA,

      Defendant.

Case No.    2022-
Judge:

_____/

MILTON H. GREENMAN (P34621)
Attorney for Plaintiffs
THE THURSWELL LAW FIRM, P.L.L.C.
1000 Town Center Suite 500
Southfield, MI 48075-1221
Phone:  (248) 354-2222

_____/

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

## **COMPLAINT AND AFFIDAVIT OF MERIT**

There is no other pending or resolved civil
action arising out of the same transaction or
occurrence as alleged in this Complaint

NOW COME Plaintiffs, WAYNE WRONA and SUSAN WRONA, by and

through their attorneys, THE THURSWELL LAW FIRM, P.L.L.C., and for their

Complaint, and Affidavit of Merit, and complaining against the above-named

Defendant, state as follows:

1.     That the Principal Plaintiff in this matter is Wayne Wrona.

2.     That in addition to Wayne Wrona being a Plaintiff in this matter,

Susan Wrona as the spouse of Wayne Wrona, also brings a companion claim or

consortium claim on her behalf for injuries and damages she has suffered as well, as a result of her husband Wayne Wrona's injuries and damages outlined in this Complaint.

3.     That Plaintiffs Wayne Wrona and Susan Wrona are residents of the County of Bay, State of Michigan.

4.     That for all relevant times hereto, Plaintiffs Wayne Wrona and Susan Wrona were husband and wife, are still presently, and were during the events described in this Complaint.

5.     That Plaintiffs' Complaint against Defendant is a complaint for family medicine negligence or malpractice which Plaintiffs allege was caused and/or committed by the Defendant's agent or employee Dr. Gary Tamez, family medicine physician. That all transactions and occurrences involving the Defendant's negligence occurred in this jurisdiction in the County of Bay, State of Michigan.

## JURISDICTION OF THE COURT

6.     That Plaintiffs bring this matter pursuant to 28 U.S.C. 1402(b) in that the sole Defendant is the United States of America.

7.     That Plaintiffs' claims brought against Defendant were perfected by the filing of a form SF-95 pursuant to the Federal Torts Claims Act, (FTCA) 28 U.S.C. §§ 2671-2680, June 25, 1948, ch. 646, Title IV, 62 Stat. 982, 28 U.S.C. Pt. VI Ch. 171 and 28 U.S.C. §1346 (b), and further, the filing of this action is in compliance with the amendment date consented to by the Defendant's agents or

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

employees Sicard and Robinson (Washington D.C.), by way of email, attached as **Exhibit A**.

8.      That Plaintiffs sent their SF-95 form, coupled with what is known in Michigan as a Notice of Intent, outlining Plaintiffs' claims against Defendant, United States of America, on November 23, 2021. See attached **Exhibit B**.

9.      That Plaintiffs sent an amended SF-95 form on January 4, 2022, correcting a misnomer of the spouse of Wayne Wrona, properly identified as Susan Wrona, not Sharon Wrona. In response, Defendant's agents or employees identified in this Complaint, notified Plaintiff that the amended SF-95 form constituted, under Federal Government Regulations, a formal amendment as such the Defendant was allotted an additional 6-month window to process Plaintiffs' SF-95 form to which Plaintiffs' counsel Greenman agreed.

10.     That Plaintiffs' counsel has continued to be in contact with Defendant's employees or agents, Sicard and Robinson, from the Department of Health and Human Services, updating them on the health condition of Plaintiff, Wayne Wrona.

11.     That therefore Plaintiffs may file their Complaint on July 5, 2022.

12.     That Plaintiffs allege Defendant's negligent acts and omissions by and through Dr. Gary Tamez, caused Plaintiff, Wayne Wrona, injuries, damages, pain and suffering, the need for advanced medical care and treatment, all of which would have otherwise not been required, the incurrence of medical bills for which a lien applies.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

13.     That the amount in controversy exceeds $50,000.00, exclusive of costs, interest and attorney fees.

## COUNT I
## FACTUAL CIRCUMSTANCES OF PLAINTIFFS' CLAIMS AGAINST DEFENDANT, UNITED STATES OF AMERICA, FOR FAMILY MEDICINE PHYSICIAN NEGLIGENCE OF ITS AGENT OR EMPLOYEE DR. GARY TAMEZ

14.     That Plaintiff Wayne Wrona's date of birth is September XX, 19XX.

15.     That Plaintiff, Wayne Wrona, had established a patient-physician relationship with Defendant's agent or employee, family medicine physician Dr. Gary Tamez, for many years before 2019 in the County of Bay, State of Michigan.

16.     That Plaintiff Wayne Wrona's patient-physician relationship arose out of Dr. Tamez and his providing care and treatment to him occurred at Defendant's Federal Government Clinic, Great Lakes Bay Health Center – Bayside, located at 3884 Monitor Road, Bay City, Michigan, 48706.

17.     That for at least the past 5 years Wayne Wrona was a patient of Dr. Gary Tamez, as his primary physician, at the Great Lakes Bay Health Centers – Bayside location, as his gatekeeping physician and for management of his prescription medications, for which he saw Dr. Tamez approximately every three to four months.

18.     That the United States Department of Health and Human Services is an agency of the Defendant, United States of America.

19.     That Defendant, United States of America, through its agency, the United State Department of Health and Human Services, at all times material

4

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

hereto, owned, operated, and controlled the health care facility known as Great Lakes Bay Health Centers – Bayside, at the address identified in paragraph 17, and by and through its agency, the United States Department of Health and Human Services, staffed the health care facility with agents, servants, and/or employees, including Dr. Gary Tamez. That accordingly under Federal Law the Defendant, United States of America, is the appropriate Defendant identified in this action pursuant to 28 U.S.C. 1402(b); 28 U.S.C. 1346(b).

20.    Plaintiffs allege that Dr. Tamez, when caring for Plaintiff, Wayne Wrona, was the Defendant's agent, servant, employee, and/or ostensible agent.

21.    That Defendant's agent or employee, Dr. Gary Tamez, is a licensed family medicine physician in the State of Michigan, who practiced family medicine in the County of Bay, State of Michigan, in the year 2019.

22.    That Defendant's agent or employee, Dr. Gary Tamez, is a licensed family medicine physician in the State of Michigan, who practiced family medicine in the County of Bay, State of Michigan, in the year 2020.

23.    That Defendant's agent or employee, Dr. Gary Tamez, is a licensed family medicine physician in the State of Michigan, who practiced family medicine in the County of Bay, State of Michigan, in the year 2021.

24.    That in the year 2019, Dr. Tamez, practiced principally as a family medicine physician.

25.    That in the year 2020, Dr. Tamez, practiced principally as a family medicine physician.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

26.     That in the year 2021, Dr. Tamez, practiced principally as a family medicine physician.

27.     That in August 2019, Wayne Wrona presented to Dr. Tamez at his clinical office at the Great Lakes Bay Health Centers – Bayside, located in Bay City, Michigan.

28.     That at this visit, Dr. Tamez ordered a prostate specific antigen (PSA) test for Mr. Wrona.

29.     That a PSA test is ordered to detect abnormalities of the prostate, including, but not limited to, prostate cancer.

30.     That this PSA test was not ordered at the request of Mr. Wrona; but rather was an independent decision of Dr. Tamez's pursuant to his education, training, and experience as a family medicine physician.

31.     That Plaintiff asserts a PSA test result of 9.1 ng/mL is elevated given Wayne Wrona's circumstances and, as such, he was required to receive the care and treatment that is outlined in this Complaint.

32.     That the August 14, 2019 PSA test was reported as elevated at 9.1 ng/mL.

33.     That Plaintiffs assert that this elevated PSA result of 9.1 ng/mL is highly suspicious for an abnormality in the prostate of Mr. Wrona, which could include prostate cancer.

34.     That on August 14, 2019, Plaintiffs assert that Dr. Tamez was required to inform Mr. Wrona of the elevated PSA results, which were suspicious

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

of a prostate abnormality or prostate cancer for Mr. Wrona, and provide Mr. Wrona an immediate referral to a qualified urologist within the immediate timeframe of August 14, 2019, for further evaluation, biopsy, and diagnostic testing which could include MR, CT, and/or ultrasound.

35.     That Plaintiffs assert that at no point in time did Dr. Tamez inform Mr. Wrona of the elevated PSA result of August 14, 2019, until over two years later, as described *infra*, nor did Dr. Tamez refer Mr. Wrona to a qualified urologist within the immediate timeframe of August 14, 2019, which constitutes family medicine physician negligence under the circumstances.

36.     That on or around October 2019, Mr. Wrona returned to Dr. Tamez's office and Dr. Tamez ordered another PSA test when he ordered general bloodwork for Wayne Wrona.

37.     That Dr. Tamez never advised Wayne Wrona that he had ordered a second PSA after only 64 days, on October 22, 2019, and again, never informed Plaintiff, Wayne Wrona, of the August 19, 2019 PSA test.

38.     That again, this PSA test was not ordered at the request of Mr. Wrona; but rather ordered by Dr. Tamez in his function as the gatekeeping physician for Mr. Wrona, without advising or explaining to Mr. Wrona why the test was being ordered.

39.     That the October 22, 2019 PSA test was reported as, again, elevated with a result of 12 ng/mL.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

40.     That Plaintiffs assert that the October 22, 2019, PSA tests result of 12 ng/mL was highly suspicious of progressive prostate abnormality, including, but not necessarily limited to, prostate cancer, for Mr. Wrona.

41.     That again, Plaintiffs assert that on October 22, 2019, Dr. Tamez was required to inform Mr. Wrona of his increased PSA test result, and immediately refer Mr. Wrona to a qualified urologist within the immediate timeframe of October 22, 2019 for further evaluation, biopsy, and diagnostic testing which could include MR, CT, and/or ultrasound.

42.     That Plaintiffs assert that at no point in time did Dr. Tamez inform Mr. Wrona of the elevated PSA result of October 22, 2019, until approximately 22 months later, as described *infra*, nor did Dr. Tamez refer Mr. Wrona to a qualified urologist in the immediate timeframe of October 22, 2019, which constitutes medical negligence under the circumstances.

43.     That Plaintiff, Wayne Wrona, has issued his affidavit, regarding these events dated August 19, 2019 and October 22, 2019. See attached **Exhibit C**.

44.     That over the next two years, Mr. Wrona continued to see Dr. Tamez at the Great Lakes Bay Health Centers – Bayside location, but unbeknownst to him, that he had two elevated PSA tests in 2019, which were highly suspicious of an evolving prostate abnormality, including but not limited to, prostate cancer for Mr. Wrona. At no time in this subsequent 2-year time period from October, 2019

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

to August, 2021, did Dr. Tamez ever advise Plaintiff, Wayne Wrona of his PSA testing from 2019, or ever raise the issue in any way, nor did his staff.

45.     That in early September 2021, Dr. Tamez ordered another PSA test, without advising Mr. Wrona or explaining why the PSA test was ordered.

46.     That soon after the September 2021 PSA test was resulted for Mr. Wrona on September 11, 2021, Dr. Tamez called Mr. Wrona and advised him of the September 11, 2021, PSA result, which was now severely elevated at 2260.1 ng/mL.

47.     That during the phone call, Dr. Tamez apologized profusely to Mr. Wrona for failing to advise him of his earlier elevated PSA tests from 2019.

48.     That Plaintiffs assert that this September 2021 timeframe represents to be the first time that Wayne Wrona was ever aware of the 2019 PSA test results, which he had not been aware of until Dr. Tamez advised him of these results over the phone on September 11, 2021. See again, **Exhibit C**, Affidavit of Wayne Wrona filed during the preparation of the SF-95 documents sent to the Department of Health and Human Services.

49.     That Plaintiffs further assert that this severely elevated PSA of September 11, 2021, was evidence of a progressive prostate abnormality for Mr. Wrona, which could include prostate cancer, and was eventually confirmed to be, that was not timely diagnosed and/or treated as the direct and proximate result of the medical negligence of Dr. Tamez.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

50.     That upon being advised of his severely elevated PSA test result of September 11, 2021, as told to him by Dr. Gary Tamez, Mr. Wrona proceeded to the University of Michigan through their urology service for further evaluation and treatment.

51.     That on September 17, 2021, Mr. Wrona presented to the University of Michigan urology department and a CT study of the abdomen and pelvis was ordered and performed.

52.     That the CT study was read on September 20, 2021, as showing a cancer in his pelvic bones.

53.     That Mr. Wrona returned to the University of Michigan on September 21, 2021, and was advised that he had metastatic prostate cancer.

54.     That Plaintiff, Wayne Wrona, affirmatively asserts that he only became aware that he had a health condition indicating prostate cancer in September of 2021, and at no time before had any indication of such. As such, Plaintiffs' claim accrued in September 2021 and is the time at which his statute of limitation began to run. *U.S. v. Kubrick*, 444 U.S. 111, 100 S.Ct.352, 62 L.Ed.2d 259 (1979).

55.     That Plaintiffs assert that had Dr. Tamez complied with the standards of practice of his profession within the immediate timeframe of the August 14, 2019, and October 22, 2019, the elevated PSA tests for Mr. Wrona, as outlined in this Complaint, Mr. Wrona would have been timely informed of

these results and referred to a qualified urologist for diagnosis and treatment of his evolving prostate cancer condition.

56. That Plaintiffs further assert that had this care been provided to Mr. Wrona within the immediate timeframe of August 14 and October 22, 2019, as was required pursuant to Dr. Tamez's standards of practice, the progressive prostate cancer of Mr. Wrona would have been timely diagnosed and more likely than not would have been amenable to surgical resection, and if any advancement of the disease had taken place, responsive to chemotherapy and radiation, from which Mr. Wrona would have recovered without any significant sequelae.

57. That instead, as the direct and proximate result of the medical negligence of Dr. Tamez, Mr. Wrona's prostate cancer condition was not timely diagnosed, and not timely treated, and therefore the cancer condition in his prostate grew and grew, then metastasized, and is now no longer amenable to surgical resection.

58. That following these September 2021 events, Dr. Tamez continued to attempt to communicate with Wayne Wrona on multiple occasions until on October 15, 2021, Plaintiffs' counsel sent the attached letter, **Exhibit D**, to Dr. Tamez requesting that he stop attempting to communicate with Mr. Wrona, under these circumstances, and further requested the medical records for Mr. Wrona from the Great Lakes Bay Health Centers – Bayside location.

59. That despite this October 15, 2021 correspondence asking Dr. Tamez to stop any future communications with Mr. Wrona, given his dire

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

circumstances caused by Dr. Tamez's negligence, on Saturday, November 13, 2021, Dr. Tamez called the Wrona household on a restricted number; which, on this occasion the Wrona's answered the phone.

60.     That soon after answering, it became apparent that it was Dr. Tamez calling into the <u>Wrona</u> household on a disguised phone number, such that the Wrona's would answer the phone.

61.     That Dr. Tamez began the conversation asking Wayne Wrona how he was doing, and Mr. Wrona commented to Dr. Tamez: "I'm dying. How do you think I am doing?"

62.     That thereafter, Dr. Tamez repeated as he had repeated in earlier phone calls that he was sorry, that he had made mistakes in the care and treatment of Mr. Wrona, and he would ensure that things would be taken care of for his family and Mr. Wrona in the long run, if claims were brought against him.

63.     That Mr. Wrona remains under the care of the University of Michigan for management of his metastatic prostate cancer condition, with a prognosis that has been determined to be unfavorable for Mr. Wrona, which Plaintiffs assert is the direct and proximate result of the medical negligence of Dr. Tamez, as outlined in this Complaint.

64.     That Dr. Tamez when caring for the Plaintiff, Wayne Wrona, was the agent of the Defendant, United State of America, and was acting in the course and scope of said employment when he treated Plaintiff and violated the standard of practice of his profession in the care and treatment of Plaintiff as stated herein.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

65.    That Dr. Tamez when caring for the Plaintiff, Wayne Wrona, was the servant of the Defendant, United States of America, and was acting in the course and scope of said employment when he treated Plaintiff and violated the standard of practice of his profession in the care and treatment of Plaintiff as stated herein.

66.    That Dr. Tamez when caring for the Plaintiff, Wayne Wrona, was the employee of the Defendant, United States of America, and was acting in the course and scope of said employment when he treated Plaintiff and violated the standard of practice of his profession in the care and treatment of Plaintiff as stated herein.

67.    That Dr. Tamez when caring for the Plaintiff, Wayne Wrona, was the ostensible agent of the Defendant, United States of America, and was acting in the course and scope of said employment when he treated Plaintiff and violated the standard of practice of his profession in the care and treatment of Plaintiff as stated herein.

68.    That Plaintiffs assert that Defendant, United State of America, is responsible for the damages and injuries arising from the medical negligence of Dr. Tamez pursuant to 28 U.S.C. §§ 2671-2680, Federal Torts Claim Act (FTCA).

69.    That Dr. Tamez, practicing on behalf of the Defendant, as a practicing family medicine physician in the State of Michigan, County of Bay, when rendering care and treatment to Plaintiff Wayne Wrona, had duties and responsibilities to provide reasonable care and treatment that complied with

family medicine standards of practice, but in violation of these duties and

responsibilities, Dr. Tamez committed family medicine negligence and otherwise

violated the family medicine standards of practice as follows:

### A. PERTAINING TO FAMILY MEDICINE SPECIALIST DR. GARY L. TAMEZ ON AUGUST 14, 2019

i.   Understand that a PSA result of 9.1 ng/mL on August 14, 2019, was an elevated PSA result that was concerning for a prostate abnormality, including cancer of the prostate, that required immediate investigation and immediate referral to a qualified urologist for biopsy and additional diagnostic testing, which could include ultrasound, CT, and/or MR studies for Mr. Wrona, to rule in or rule out prostate cancer;

ii.  Upon obtaining the August 14, 2019 PSA blood tests of Wayne Wrona being reported as elevated with a laboratory value of 9.1 ng/mL, Dr. Tamez was required to immediately communicate, and confirm he had communicated with Mr. Wrona, to inform Mr. Wrona that his PSA test result was abnormally high which could indicate a prostate abnormality including prostate cancer, and Mr. Wrona required further investigation, including either a repeat PSA test in the immediate timeframe, certainly within 7 business days, or immediate referral to a urology specialist for additional testing for prostate cancer, including CT, MR, transrectal ultrasound, prostate biopsy, and/or removal of his prostate on a timely basis;

### B. PERTAINING TO FAMILY MEDICINE SPECIALIST DR. GARY L. TAMEZ ON OCTOBER 22, 2019

i.   Understand that a PSA result of 12 ng/mL on October 22, 2019, was an elevated PSA result that was concerning for a prostate abnormality, including cancer of the prostate, that required immediate investigation and immediate referral to a qualified urologist for biopsy and additional diagnostic testing, which could include ultrasound, CT, and/or MR studies for Mr. Wrona, to rule in or rule out prostate cancer;

ii.  Upon obtaining the October 22, 2019, PSA blood tests of Wayne Wrona being reported as elevated with a laboratory value of 12 ng/mL, Dr. Tamez was required to immediately communicate, and confirm he

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

had communicated with Mr. Wrona, to inform Mr. Wrona that his PSA test result was abnormally high which could indicate a prostate abnormality including prostate cancer, and Mr. Wrona required further investigation, including either a repeat PSA test in the immediate timeframe, certainly within 7 business days, or immediate referral to a urology specialist for additional testing for prostate cancer, including CT, MR, transrectal ultrasound, prostate biopsy, and/or removal of his prostate on a timely basis;

**PLAINTIFFS CONTEND DEFENDANT, DR. GARY TAMEZ, MEDICAL CARE PROVIDER ON BEHALF OF THE DEFENDANT, UNITED STATES OF AMERICA, FAILED TO PROVIDE THIS FAMILY MEDICINE STANDARD OF PRACTICE CARE AND TREATMENT TO PLAINTIFF WAYNE WRONA, OR OTHERWISE VIOLATED APPLICABLE STANDARDS OF CARE OF HIS PROFESSION CONSTITUTING FAMILY MEDICINE PHYSICIAN NEGLIGENCE AS OUTLINED IN THIS COMPLAINT AS SUPPORTED BY THE AFFIDAVIT OF MERIT OF EXPERT WITNESS DR. KEVIN FERENTZ, AS ATTACHED TO THIS COMPLAINT IN EXHIBIT E, AS IF STATED HEREIN MORE SPECIFICALLY PARAGRAPH FOR PARAGRAPH.**

70.     That as a direct and proximate cause of the Defendant's negligence, as committed by its employee or agent medical care provider, family medicine physician Dr. Gary Tamez, as outlined in this complaint, Plaintiff, Wayne Wrona, has suffered a cancer condition in his prostate not timely diagnosed and treated, which progressed, causing him injuries, damages, pain and suffering, the need for advanced medical care and treatment, all of which would have otherwise not been required, the incurrence of medical bills for which a lien applies, and any and all damages recoverable under Michigan substantive law.

71.     That in addition, Plaintiffs, Wayne Wrona and Susan Wrona, for all relevant times hereto, were husband and wife, and as a result of the injuries and damages to Wayne Wrona, Plaintiff Susan Wrona has also suffered injuries and

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

damages referred to as companion or consortium damages, and will continue to do so, for which Plaintiff Susan Wrona seeks any and all damages permissible under Michigan substantive law.

72.     That Plaintiffs Wayne Wrona and Susan Wrona claim any and all damages recoverable under Michigan substantive law, including economic and non-economic, as well as any and all miscellaneous expenses related to the malpractice committed by the Defendant's medical care provider, Dr. Gary Tamez.

WHEREFORE, Plaintiffs demand judgment against Defendant in whatever amount Plaintiffs are found to be entitled by the Court, as the trier of fact, together with costs, interest and attorney fees wrongfully sustained.

## COUNT II
### PLAINTIFFS' CLAIMS AGAINST DEFENDANT UNITED STATES OF AMERICA FOR INTENTIONAL MISCONDUCT OF GREAT LAKES BAY HEALTH CENTERS – BAYSIDE AND DR. GARY TAMEZ

1-72 Plaintiffs, Wayne Wrona and Sharon Wrona, husband and wife, repeat and reallege paragraphs 1 through 72 as if stated herein more specifically, paragraph for paragraph.

73.     That on or about October 15, 2021, Plaintiffs' counsel Greenman, on behalf of his client, Wayne Wrona, submitted medical authorizations to Great Lakes Bay Health Centers – Bayside and Dr. Tamez to produce Mr. Wrona's records held by them. The care providers and/or personnel at Great Lakes Bay

Health Centers – Bayside failed to respond to the request or provide any records or Wayne Wrona in violation of HIPAA. See attached **Exhibit D**.

74. That on or about November 15, 2021, Plaintiff's counsel Greenman, again, on behalf of his client, Wayne Wrona, submitted medical authorization to Great Lakes Bay Health Center – Bayside and Dr. Tamez to produce Mr. Wrona's records, which the care providers and/or personnel at Great Lakes Bay Health Centers – Bayside again failed to respond to the request or provide any records or Wayne Wrona in violation of HIPAA. See attached **Exhibit F.**

75. That upon information and belief Plaintiffs' counsel then learned that the University of Michigan had received some records from Great Lakes Bay Health Center – Bayside, regarding Mr. Wrona's care and treatment, which Plaintiffs' attorney Greenman then attempted to receive the records from the University of Michigan online portal as Great Lakes Bay Health Centers – Bayside and Dr. Tamez failed to produce in violation of HIPAA, but Plaintiff still had not received any records from Great lakes Bay Health Center – Bayside itself.

76. That at the time of filing the SF-95 and Notice of Intent on November 23, 2021, Plaintiffs, by and through their attorneys, The Thurswell Law Firm, PLLC, had still not received any medical records from the Great Lakes Bay Health Centers – Bayside in violation of HIPAA, for which Plaintiffs assert Defendant's intentional misconduct by its agents, servants, employees, and/or ostensible agents under the circumstances.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

77.     That in December 2021, Plaintiffs, by and through their attorneys, The Thurswell Law Firm, PLLC, sent a Declaratory Action for filing in the Bay County Circuit Court as a result of Great Lakes Bay Health Centers – Bayside and Dr. Tamez failing to produce the medical records of Plaintiff, Wayne Wrona in violation of HIPAA. See attached **Exhibit G**.

78.     That only after Plaintiffs sent the Declaratory Action for filing did Great Lakes Bay Health Centers – Bayside produce the medical records of Plaintiff, Wayne Wrona in December 2021.

79.     That on December 8, 2021, Plaintiffs' counsel Greenman received a phone call from Deborah Harrington, from Great Lakes Bay Health Centers, regarding Wayne Wrona's records.

80.     That on December 9, 2021, Plaintiffs' counsel Greenman sent an email with information on how Deborah Harrington could send the records.

81.     That on December 10, 2021, Plaintiffs' counsel was sent an email from Jill Castillo at Great Lakes Bay Health Centers, with a secure link to Wayne Wrona's medical records. See attached **Exhibit H**.

82.     That as a result of Defendant, United States of America, by and through its agents, servants, employees, and/or ostensible agents at Great Lakes Bay Health Centers and/or Dr. Tamez, Plaintiff did not have access to his medical records in violation of HIPAA, and was prevented from timely pursuing his rights under Michigan substantive law for the malpractice actions of Dr. Tamez. Plaintiffs claim intentional misconduct against the professional corporation,

Great Lakes Bay Health Centers – Bayside and Dr. Tamez for their refusal to turn over the medical record of Mr. Wrona, under these dire circumstances.

83.  That in addition, Plaintiffs, Wayne Wrona and Susan Wrona, for all relevant times hereto, were husband and wife, and as a result of the injuries and damages to Wayne Wrona, Plaintiff Susan Wrona has also suffered injuries and damages referred to as companion or consortium damages, and will continue to do so, for which Plaintiff Susan Wrona seeks any and all damages permissible under Michigan substantive law.

WHEREFORE, Plaintiffs demand judgment against Defendant in whatever amount Plaintiffs are found to be entitled by the Court, as the trier of fact, together with costs, interest and attorney fees wrongfully sustained.

## RELIEF REQUESTED

84.  That Plaintiffs Wayne Wrona and Susan Wrona claim any and all damages recoverable under Michigan substantive law, including economic and non-economic, as well as any and all miscellaneous expenses related to the malpractice committed by the Defendant's medical care provider, Dr. Gary Tamez.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

WHEREFORE, Plaintiffs demand judgment against Defendant in whatever amount Plaintiffs are found to be entitled by the Court, as the trier of fact, together with costs, interest and attorney fees wrongfully sustained.

Respectfully submitted,

THE THURSWELL LAW FIRM, P.L.L.C.

/s/ *Milton H. Greenman*
MILTON H. GREENMAN (P34621)
Attorneys for Plaintiff

Date: July 5, 2022     (248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222